The People of the State of New York, Appellant, v. Abbott Maintenance Corporation, Inc., and Instalment Department, Inc., Respondents.

First Department, July 5, 1960.

*Samuel A. Hirshowitz* of counsel (*Paxton Blair, George C. Mantzoros* and *Gretchen W. Oberman* with him on the brief; *Louis J. Lefkowitz, Attorney-General,* attorney), for appellant.

*Daniel Rhoades* of counsel (*Rhoades & Rhoades,* attorneys), for Abbott Maintenance Corp., respondent.

*Abraham J. Gellinoff* of counsel (*Herman S. Axelrod* and *Maitland M. Axelrod* with him on the brief; *Axelrod & Axelrod,* attorneys), for Instalment Department, Inc., respondent.

*Per Curiam.* The Attorney-General, having obtained the judicial permission required by section 92 of the General Corporation Law maintains this action in the name of the People of the State of New York for the dissolution of the two corporate defendants. Judgment is sought annulling defendants' certificates of incorporation and "terminating their corporate existence."

At the end of a protracted trial, the complaint was dismissed at Trial Term because the Judge was of opinion that there was "a complete lack of right in the People in reference to the litigation." (22 Misc 2d 1019, 1026.) Additionally, as to defendant Instalment Department, Inc., the court found there was an absence "of any evidence to support the allegations of the complaint"; and as to defendant Abbott Maintenance Corporation the court found no basis for forfeiture of its charter "in the absence of showing of wrong to the public generally".

We are of opinion the court was right in holding a case had not been made out against Instalment Department; but as to Abbott Maintenance the record sustains a case prima facie for vacating its corporate charter within section 91 of the General Corporation Law and the case should have gone to the jury.

The initial interest of the People in the continuance of the charter of the defendants was established judicially when, in pursuance of section 92 of the General Corporation Law leave was granted the Attorney-General to institute the action to vacate the corporate charters and to annul the existence of the corporations.

In this case the application was made to and permission granted by a Justice of the Supreme Court; it is not disputed that defendants applied to vacate the order and that the litigated order denying the application to vacate the initial permission has become final.

Even without the support implied by this threshold judicial permission, we would be of opinion the Attorney-General had demonstrated sufficiently the interest of the People in the corporate acts complained of to warrant the institution of the action (*People* v. *Ballard*, 134 N. Y. 269, 293).

The interest of the People in the subject matter is a somewhat different question than the range and scope of relief to be granted by the judgment; and it does not necessarily follow that because the action is properly instituted for sufficient cause, the court will ultimately dissolve the corporation or cancel its charter.

Indeed, the answer of defendant Abbott does not put in issue the interest of the People; but rests on denials; and seeks affirmatively and collaterally to attack the order granting permission to institute the action on the ground of factual misrepresentation and concealment in the application for the order, an issue which is not properly here.

As the case reaches this court, the argument pursued by Abbott is somewhat narrower than the grounds for decision announced at Trial Term. Abbott would sustain the order of

dismissal because it contends that there was not sufficient proof of "extensive wrongdoing" which was "so injurious to the general public" as to warrant the annulment of its corporate charter.

This argument seems to frame accurately the problem that faced the Trial Term at the end of all the proof. Since a dismissal of the complaint must rest on factual acceptance of the record in a light most favorable to the People, it becomes important to see what the factual record establishes.

The jury could have found that by deceptive advertising, widely disseminated in the public press, Abbott induced a substantial number of people to come to its place of business in the guise of offering employment opportunities in floor waxing; and having gotten them there, proceeded to enter into contracts for the installment sale for $936 for a waxing machine worth $102.90 and inadequate for the commercial purposes for which it was being sold.

This defendant could also be found by the jury to have given a few "leads" for floor waxing customers to the purchasers of the waxing machines as a mere device to help make plausible the main purpose of selling the machines; and with the same main purpose to have given superficial training in the use of the machines and to have solicited waxing jobs for the purchasers of the machines at prices far below the prevailing market.

These acts, attributed to Abbott, could be found to fall well within the prohibition of section 421 of the Penal Law in respect of false and untrue advertising, as well as of section 396 of the General Business Law regulating unlawful selling practices; and perhaps also within the scope of the Retail Instalment Sales Act (Personal Property Law, art. 10).

The consequences of these practices could be found to be so general and widespread in scope of advertising solicitation, and in response to such solicitation, that they transcend private controversy between the individual members of the public shown to be misled and the Abbott corporation.

There are levels of corporate misconduct, surely, which warrant forfeiture of the privilege of the corporate form of existence.

The provisions of subdivision 2 of section 91 of the General Corporation Law authorize an action for dissolution where a corporation has "forfeited its charter" by the violation of "any provision of law" or which, by the "abuse of its powers," has become liable to be dissolved. The term "violation of any provision" of law must be read more broadly than a mere

violation of one or more of the list of the statutory provisions which govern corporate organization and function.

In the end, the question whether the court will adjudge the corporate charter forfeited on suit of the People who gave the charter, will depend on the magnitude and public importance of the unlawful or improper practices complained of.

This depends, then, on the facts shown; and it is our judgment that the Attorney-General has made out a case prima facie for dissolution of Abbott which should go to the jury. These acts have not been sufficiently attributed to defendant Instalment Department, Inc., which is a finance corporation, to justify forfeiture of its charter.

The judgment should be modified, on the law and the facts, by reversing so much thereof as dismisses the complaint against defendant Abbott Maintenance Corporation, Inc., and, in the exercise of discretion, a new trial granted; and as thus modified, it should be affirmed, without costs.

BOTEIN, P. J., VALENTE, STEVENS and BERGAN, JJ., concur.

Judgment unanimously modified, on the law and on the facts, by reversing so much thereof as dismisses the complaint against defendant Abbott Maintenance Corporation, Inc., and, in the exercise of discretion, a new trial granted as to said defendant; and, as so modified, affirmed, without costs.